AGUEDA TURRILLAS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF FELIX TURRILLAS, SR., COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF BIG MEADOWS HOTEL, APPELLANTS, v. MAMIE QUILICI, AS ADMINISTRATRIX OF THE ESTATE OF LOUIS QUILICI, DECEASED, MAMIE QUILICI, INDIVIDUALLY, JOHN DOE, MARY ROE, AND LENA BUCKMASTER, RESPONDENTS.

No. 3819

November 27, 1956                    303 P.2d 1002

*Peter Echeverria,* of Reno, for Appellants.

*Goldwater, Taber & Hill,* of Reno, for Respondents.

## OPINION

By the Court, EATHER, J.:

This is a right-of-way dispute. Appellants, as plaintiffs, brought suit to establish an easement by prescription over property of the respondents. The lower court held for the respondents and this appeal has been taken from that judgment. The sole question involved is whether appellants as plaintiffs have established that their user was adverse.

The parties are owners of adjoining premises in the city of Lovelock. Appellants and their predecessors in interest for many years have operated the Big Meadows Hotel upon their property. Respondents own business property adjoining on the south. A public alleyway runs

north and south, behind (to the west of) respondents' property, coming to a dead end at appellants' property. Between the two parcels a 5-foot right-of-way running east and west for the use of both parcels has been created by a mutual grant of two and a half feet from each parcel. Its easterly terminus is at West Broadway Street. Due to a projection of appellants' property this right-of-way does not reach the alley but also comes to a dead end at appellants' property line. Respondents and their predecessors have so maintained their property that an open L-shaped area running around the projecting portion of appellants' property serves to connect the right-of-way and the alley. This area has been used in conjunction with the alley and the right-of-way by both parties and to a certain degree by members of the public. Appellants have shown extensive and continuous use by tradesmen in making delivery to the hotel. Such use has been made for more than 30 years. It is over this L-shaped portion of respondents' property that appellants seek to establish their prescriptive right-of-way.

Appellants claim that their open and notorious use of respondents' property for such an extended period creates a presumption that their use was adverse and was asserted by them as a matter of right. Such is the general rule. Chollar-Potosi Mining Co. v. Kennedy & Keating, 3 Nev. 361. The presumption, however, does not apply in every case. As stated in Howard v. Wright, 38 Nev. 25, 143 P. 1184, 1187, "[The] mere use of a passage over another's land for a long time with his knowledge is not necessarily an adverse use. The circumstances may be such as to authorize an inference that the use is adverse but they may also be such as to intimate that the use was by permission."

Where a roadway is established or maintained by a landowner for his own use, the fact that his neighbor also makes use of it, under circumstances which in no

way interfere with use by the landowner himself, does not create a presumption of adverseness. The presumption is that the neighbor's use is not adverse but is permissive and the result of neighborly accommodation on the part of the landowner. Howard v. Wright, supra. See Anno. 170 A.L.R. 825.

The presumption is rebuttable. In this case, however, the facts proven are in no respect inconsistent with an acceptance by appellants of the neighborly accommodation of respondents.

There is no proof of an actual claim of adverse right. Each party relied on a number of unconnected incidents as proof of his theory of the nature of user. Respondents point out that they posted a sign in the area "Private Property, Permission to pass revocable at any time"; that they also constructed a fence and gate in the area which they insisted they had a right to maintain and which was kept locked; that on occasion they stopped traffic from going through. Appellants, on the other hand, claim that the private property sign was knocked down, pushed aside and otherwise ignored, and that the fence and gate were removed and did not hinder traffic. It was clearly available to the lower court as trier of the facts to weigh the testimony of the witnesses as to these and other incidents and to conclude that the presumption of permissive use continued, unrebutted, to control.

Affirmed with costs.

MERRILL, C. J., and BADT, J., concur.