ADINE H. STIX, FORMERLY ADINE H. SANBORN, APPELLANT, *v.* W. DALTON LA RUE AND JUANITA S. LA RUE, HIS WIFE, RESPONDENTS.

No. 4395

January 24, 1962                              368 P.2d 167

*Frank R. Petersen,* of Reno, for Appellant.

*Guild, Busey & Guild* and *Howard L. Cunningham,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

Mr. and Mrs. La Rue commenced an action to enjoin Mrs. Stix from interfering with their use of a claimed right of way over the Stix ranch, herein referred to as the Quail Canyon ranch. After trial, the lower court entered judgment for Mr. and Mrs. La Rue, declaring a right of way over the Quail Canyon ranch to be owned

by them as an appurtenance to their ranch, herein referred to as the Monte Cristo ranch, granting them the right to use such way for ingress to and egress from the Monte Cristo ranch, and permanently enjoining Mrs. Stix and her agents from interfering with their use of such way. Mrs. Stix appeals from that judgment.

Sometime before 1899, a road was made over public domain to the Monte Cristo ranch, then owned by a predecessor of La Rue. In 1927 the United States issued a patent to the land, now known as the Quail Canyon ranch, to a predecessor of Stix. A portion of the mentioned road permitting ingress to and egress from the Monte Cristo ranch passed over the Quail Canyon ranch. From the time that road was first built until March 1959 it was regularly used by the predecessors of La Rue, and from October 1953 by La Rue himself as the most practicable means of ingress to an egress from the Monte Cristo ranch. In March 1959 Mrs. Stix obstructed the use of that road, and this action resulted.

In seeking reversal Mrs. Stix contends that the judgment is wrong as a matter of law, for three reasons: First, because the evidence does not establish the adverse nature of claimants' use; Second, because the evidence established that the use of the road by La Rue and predecessors was not exclusive; Third, that a predecessor of La Rue had offered to purchase a right of way from Mrs. Stix, thereby recognizing her superior title. We turn to the consideration of these claims of error.

1. *Adverse use:* The elements of an easement by prescription are five years' adverse, continuous, open and peaceable use. Howard v. Wright, 38 Nev. 25, 29, 143 P. 1184, 1186. Regarding the adverse character of the use by La Rue and predecessor, the lower court, among other findings, stated: "Plaintiffs' predecessor in interest while in possession of the Monte Cristo ranch, in or about the year 1952 or 1953, by his employee, Lester Sanborn, did assert to defendant a claim of right to use the aforesaid road across defendant's land. Plaintiff, W. Dalton La Rue, while in possession of his said

ranch, in the months of October and November 1953, did on two occasions assert to defendant a claim of right to use said road." The quoted finding is supported by substantial evidence. Lester Sanborn testified to a conversation with Mrs. Stix in 1952 or 1953, during which Mrs. Stix said she "was planning on closing the road through her property." Sanborn told her of his belief that "it was an established right of way," and continued thereafter to use the road. Mr. La Rue testified that in October 1953 Mrs. Stix objected to his use of the road, claiming it to be a private road, to which he replied that the road was the property of the Holland Livestock company. At the time of this conversation, La Rue was in the process of completing the purchase of the Monte Cristo ranch from the Holland interests. Shortly after this conversation, another one occurred during which Mrs. Stix questioned the right of La Rue to park his car on the road, whereupon he advised her that he had as much right to be there as she did. La Rue continued to use the road. The trial court could properly find that La Rue asserted a claim of right to use the road, which claim was adverse to the interest of Mrs. Stix therein.

Notwithstanding that evidence, Mrs. Stix, relying upon Howard v. Wright, supra, and Turrillas v. Quilici, 72 Nev. 289, 303 P.2d 1002, argues that, under the circumstances here present, a presumption arose that the use of the road by La Rue and predecessors was permissive, and that such presumption was not satisfactorily rebutted by the evidence referred to. A short answer is that the lower court could properly find the presumption rebutted. However, we must make it clear that, in our view, neither Howard v. Wright, supra, nor Turrillas v. Quilici, supra, has application to the case at bar. In each the owner of the servient estate established the way for his own use; in each there was another way available to the dominant estate. Because of such circumstances the court, in speaking of presumptions, said in Howard v. Wright, supra, that use of the way by a neighbor for a long period of time, of itself did not create a presumption of adverse use; while

in Turrillas v. Quilici, supra, the court held that a presumption of permissive use did arise.

The case before us is quite different. The road was originally built, by persons unknown, over public domain. It was not established by the owner of the servient estate for his own use. What is now the servient estate was not then in existence. The trial court found, inter alia, that the road in controversy was the only traveled way to the Monte Cristo ranch until 1943 and that, since that date, it has been the only practicable road for the use of that ranch, although another road is sometimes used. There is substantial evidence to support these findings. The inapplicability of either Howard v. Wright, supra, or Turrillas v. Quilici, supra, to this case, therefore, is apparent. The road here in question was not established by the owner of the servient estate for his own use, and it was, for many years, the only means of ingress to and egress from the dominant estate. Under such circumstances, a presumption that the use was permissive would NOT arise.

Because of direct evidence that La Rue claimed a right to use the road, despite the protest expressed by Mrs. Stix, we do not determine whether, absent such evidence, a presumption of adverse use would have been applicable here. Cf. Chollar-Potosi Mining Co. v. Kennedy and Keating, 3 Nev. 361, 375.

2. *Exclusive use:* The Monte Cristo ranch is the only ranch on the road, except the Quail Canyon ranch over which the right of way is claimed. The road ends at the gate to the Monte Cristo ranch. It was initially made across public domain to serve that ranch. Since 1927 it has been used by those living upon the two ranches and by persons having business to transact with them. However, the road has been used by others. Because of use by others, hunters, Indians, ranchers searching for straying cattle, etc., Mrs. Stix urges that the use by La Rue and predecessors was not exclusive, thereby defeating claim to a prescriptive easement.

It is not necessary to show exclusive use of the

way by one who claims an easement by prescription. Exclusive use by such person is not an element. Adverse, continuous, open and peaceable use for five years are the requisites. Howard v. Wright, supra. Of course, exclusive use of the way by a claimant may give rise to a presumption of adverseness; it is a relevant factor in evaluating the proof offered, but that is all. Howard v. Wright, supra, recognized this distinction. Accordingly, we find no merit as to this claim of error.

3. *Offer to purchase right of way:* Mrs. Stix testified that an agent of La Rue's predecessor offered to pay $2,000 for a right of way across her ranch, thereby irrefutably recognizing her superior title to the way. It is clear from the record that La Rue had used the way adversely, continuously, openly and peaceably for more than five years before interference with his use by Mrs. Stix in March 1959. It is equally clear that such use by La Rue was after the mentioned offer to buy; hence, the occurrence is not now material to any issue in the case.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.