STARDUST, Inc., Appellant, *v.* DESERT YORK
COMPANY, a Corporation, Respondent.

No. 4429

February 28, 1962                    369 P.2d 444

[Rehearing denied March 16, 1962]

*Goldwater and Singleton,* and *Samuel S. Lionel,* of Las
Vegas, for Appellant.

*Gregory & Gregory,* of Las Vegas, for Respondent.

## OPINION

By the Court, Thompson, J.:

Stardust, Inc. will be referred to as "Stardust," and
Desert York Company as "York." In accordance with a
written agreement between them, reserving to Stardust
the right to do so, Stardust sought a judicial declaration
in the district court as to the proper amount due York,

a mechanic's lien claimant, for its engineering supervision of the air conditioning system installed in the Stardust Hotel. York's claim of lien included the sum of $17,654 for such supervision.[1] Stardust alleged such amount to be exorbitant and excessive; York denied such allegation. After trial, the lower court found that amount to be reasonable under the circumstances before it. On this appeal Stardust assigns such finding as error.[2]

Though much evidence was received tending to show the charge for supervision to be excessive, there was substantial evidence introduced to support the court's finding that it represented the reasonable value thereof. A qualified engineer gave his opinion that the charge for supervision was "exceedingly reasonable." The general contractor for the Stardust job approved York's charge for supervision. Though his approval does not bind the owner,[3] nonetheless it is some evidence tending to prove the reasonableness of the charge submitted. In addition, the evidence reveals that completion of the Stardust project was accelerated into a round-the-clock, fast, "crash" program to expedite opening, thus placing additional burdens upon those furnishing materials and services. In view of such evidence, we will not disturb the lower court's finding. Holland v. Crummer Corp., 78 Nev. 1, 368 P.2d 63; Stix v. La Rue, 78 Nev. 9, 368 P.2d 167; Friendly v. Larsen, 62 Nev. 135, 144 P.2d 747.

The court below, after a separate hearing, awarded a $3,000 fee to counsel for York. Though the award is assigned as error, neither appellant's brief nor oral argument pretends to assert why error is claimed in this regard. The agreement between the parties provided that, in the event of litigation, the prevailing party could recover a reasonable attorney's fee. We assume that appellant's claim of error is premised upon a

---

[1]Other items making up the total lien claim are not disputed.

[2]Ten errors are assigned. Nine of them concern this basic claim of error.

[3]See NRS 108.020(3), formerly NCL 3735; Milner v. Shuey, 57 Nev. 159, 174, 180, 60 P.2d 604, 69 P.2d 771, 773, where this court said: "The statutory agency thus created is for the purpose of securing liens and not personal liabilities."

reversal of the judgment below, thus automatically nullifying the award, for in that event York would not be the prevailing party. As the judgment below must be affirmed, the award of counsel fees will stand.

Affirmed.

BADT, C. J., and McNAMEE, J., concur.