JAMES E. BOND, DBA SUNRISE SHEET METAL, AND INDUSTRIAL SHEET METAL WORKS, A CALIFORNIA CORPORATION, APPELLANTS, *v.* STARDUST, INC., RESPONDENT.

No. 4911

January 27, 1966                    410 P.2d 472

*Jones, Wiener & Jones,* of Las Vegas, for Appellants.

*Samuel S. Lionel,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from a summary judgment for Stardust, Inc., the plaintiff below. The appellant Bond suggests that genuine issues of material fact remain and asks that we reverse and remand for trial. We think that summary judgment was properly entered and affirm.

This case is one of many resulting from the construction of the Stardust Hotel at Las Vegas, Nevada. Stardust ran out of money before the job was completed. Consequently, many subcontractors filed liens. Bond, a sheet metal subcontractor, filed a lien for labor and materials in the sum of $99,602.20. In lieu of foreclosure proceedings, the lienholders, including Bond, entered into an extension agreement with Stardust under which the lienholders released their liens and received in return a 25 percent payment on their claims plus unsecured installment notes for the balances claimed to be due. This arrangement enabled Stardust to secure additional financing and complete the job. Pursuant to the agreement, Stardust paid Bond 25 percent of the amount for which a lien had been filed and executed an installment note to Bond for the balance. The agreement also

reserved to Stardust the right to challenge the correctness of the subcontractor's claims by suit in the district court, as the claims had not been fixed or audited. The suit below was to challenge the correctness of Bond's claim of $99,602.20.[1]

Stardust alleged that Bond had been guilty of overcharging for the labor and materials furnished. In a separate count, Stardust asserted that Bond had offered gratuities to the general contractor in violation of NRS 613.190. Stardust asked the court to determine the amount due Bond, if any. Bond's answer admitted all material averments of the complaint except that he denied overcharging and denied any statutory violation. As the litigation posed mainly an accounting problem, Stardust moved for the appointment of a special master as authorized by NRCP 53. The court granted the motion and, in accordance with 53(c), directed the master to report on three issues: first, to find each item and charge for labor performed and materials furnished; second, to find the reasonable value thereof; and, third, to conclude whether Stardust had been overcharged. The master did as directed. He examined all billings in detail, conducted hearings at which testimony was received and, when finished, filed his findings and report with the court. He had found each item and charge, determined reasonable value, and concluded that Bond had overcharged Stardust by $72,992.75 and had been overpaid in that amount. Bond's objections to the master's report were made, a hearing held, and the objections overruled. The court adopted the report. Relying on that report, Stardust then moved for summary judgment. Bond resisted and, in opposition, submitted his conclusory affidavit to the effect that the labor was performed and materials furnished for a stipulated price pursuant to an agreement with Stardust. The essential terms of the agreement were not stated. Therefore, he argued that, as the master's report concerned quantum meruit and had nothing to do with work being done for a fixed contract price, a genuine issue of material fact remained to be tried and summary judgment was, therefore,

---

[1]Stardust had paid Bond more than $200,000. The lien claim was for an additional $99,602.20.

improper. Furthermore, he urged that the second claim for relief of Stardust, Bond's alleged violation of NRS 613.190, was not considered at all, and should be submitted and resolved only after a full trial. The lower court was not persuaded by Bond's contentions and entered summary judgment for Stardust. This appeal followed.

Bond asks that we set aside the summary judgment for the same reasons he urged in the lower court when opposing Stardust's motion. We have no doubt about the propriety of the summary judgment. If there were an agreement between Bond and Stardust pursuant to which Bond was to do the sheet metal work for a fixed price, the pleadings made no mention of it. Nor was an effort made to amend the pleadings to show such an agreement. The agreement was not offered to the court in any acceptable manner. The conclusory statement of Bond contained in his affidavit in opposition to the motion for summary judgment does not create an issue of material fact. NRCP 56(e) ; Dredge Corp. v. Husite Co., 78 Nev. 69, 369 P.2d 676 (1962). The billings for services and materials, which the master examined with care, contain no indication that they were submitted pursuant to an underlying agreement between Bond and Stardust. The only agreement before the trial court was the extension agreement between Stardust and all lien holders to which we initially referred. That agreement necessarily precluded fixed price contracts with subcontractors, for it explicitly reserved to Stardust the right to challenge the correctness of the amounts claimed to be due by appropriate court action. Clearly all subcontractors concerned expected to be paid for the reasonable value of labor performed and material furnished. The master found reasonable value, the lower court adopted that finding, and its correctness is not challenged on this appeal. Cf. Stardust v. Desert York Company, 78 Nev. 91, 369 P.2d 444 (1962), involving the same extension agreement.

The second contention advanced as to why summary judgment was improper was that Stardust's second claim for relief based on collusion between the general contractor and Bond—the violation of NRS 613.190—was not considered at all. There was no need for the court to consider that alternative claim, as Stardust apparently abandoned it, choosing to rest its case upon the master's report. A defendant cannot compel litigation of a claim which the plaintiff no longer wishes to assert.

For the reasons expressed, the summary judgment entered below is affirmed.

BADT, J., and ZENOFF, D. J., concur.