DOROTHY B. SWENSON AND LESTER V. SWENSON, HUSBAND AND WIFE, APPELLANTS, *v.* STROUT REALTY, INC., A CALIFORNIA CORPORATION, RESPONDENT.

No. 5662

April 15, 1969          452 P.2d 972

*Edward E. Hale,* of Reno, and *Gary A. Sheerin,* of Carson City, for Appellants.

*Milton Manoukian,* of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal concerns two real estate transactions handled by Strout Realty, a licensed broker. That company commenced suit against the Swensons to recover a commission of $1,500

for having procured a buyer who was ready, willing, and able to purchase land upon terms specified by the Swensons. The sale was not completed. By counterclaim the Swensons sought damages of $4,500 from the broker arising from a separate transaction. They assert that such damages were incurred by reason of false representations made by one of Strout Realty's agents concerning the relocatability of a prescriptive easement over land purchased by the Swensons.[1] The district court ruled for Strout Realty in each instance, and the Swensons have appealed contending that the award of $1,500 commission is excessive and should be reduced, and requesting that we direct judgment in their favor on their counterclaim.

1. The commission. In the district court the Swensons challenged the broker's entitlement to a commission. That challenge is abandoned here, and only the amount awarded is in question.[2] The relevant facts are these: The Swensons gave Strout Realty an exclusive listing to sell "50 acres more or less" for $1,500 per acre. Multiple sales were contemplated. No restriction was indicated as to the number of acres to be included in a particular sale. The listing agreement provided for "a commission of 10% of the selling price, or a minimum commission of $200, whichever is greater." The broker procured a buyer who agreed with the Swensons to pay $15,000 for a parcel of land which the parties thought was ten acres "more or less" in size. An offer and acceptance agreement was executed. By the time escrow instructions were prepared for signature it was discovered that the parcel of land contained only 8.316 acres. Accordingly, the escrow instructions reflected the reduced acreage and a corresponding reduction of purchase price to $12,474. The buyer signed the escrow instructions but the Swensons refused to do so, and the sale was not consummated. It is apparent from the record that the parties knew the boundaries of the parcel to be sold and contracted for that parcel regardless of the precise acreage involved. When that acreage was determined the price was adjusted. It follows that the broker's commission was similarly diminished in dollar

---

[1] Other claims between the parties were litigated below, but are not involved on this appeal.

[2] The record contains substantial evidence to support the court's finding that the broker produced a buyer who was ready, willing, and able to purchase upon the terms on which the broker was authorized to sell. A commission was, therefore, payable. Evans v. Dorman, 81 Nev. 319, 322, 402 P.2d 652 (1965). It is not necessary that the sale be completed. Engel v. Wilcox, 75 Nev. 323, 326, 340 P.2d 93 (1959).

amount, that is, 10 percent of the adjusted purchase price of $12,474 rather than 10 percent of $15,000. The district court erred in awarding a commission of $1,500 and we modify that judgment to $1,247.40.

2. The counterclaim. The Swensons entered into an agreement to buy ranch property from Ruhenstroth Co. Strout Realty, through its agent Jack Bay, was the broker for the seller Ruhenstroth. One Fred Dressler had acquired a prescriptive easement along the southern border of the property. Bay was informed of the easement by Henry Ruhenstroth who stated that the easement could be relocated by the Swensons. Bay, in turn, so advised the Swensons. The escrow instructions referred to the Dressler easement and the Swensons consulted their attorney regarding its relocatability.

Their counterclaim for damages rests upon Bay's statement that the easement was relocatable. His statement was innocently made. Indeed, it is not contended that either bad faith or fraud was involved. The thrust of the Swensons' charge is that the Bay statement concerned a material aspect of their transaction with Ruhenstroth Co., was false, was uttered recklessly to their damage, and is compensable.

The Bay statement was not legally correct. It is a general rule of law that, in the absence of statute to the contrary, the location of an easement once selected, cannot be changed by either the landowner or the easement owner without the other's consent. Simonson v. Moon, 237 P.2d 93 (Idaho 1951); Sibbel v. Fitch, 34 A.2d 773 (Md.App. 1943). Thus, the statement that the easement could be unilaterally relocated by the owner of the servient estate was a misrepresentation of law innocently made by one who is not a lawyer.

We do not now decide whether reliance upon such a misrepresentation may ever constitute a cause of action for damages. There is authority that an innocent misrepresentation by a real estate broker as to a matter of law does not constitute remedial fraud. Steele v. Banninga, 196 N.W. 404 (Mich. 1923); cf. Brady v. Carman, 3 Cal.Rptr. 612 (Cal.App. 1960), where the misrepresentation by the broker was with regard to a material fact concerning which he should have had superior knowledge. In the case before us the trial court found that the Swensons did not have the right to rely upon Bay's statement that the easement was relocatable. That finding is supported by substantial evidence. The Swensons knew of the

existence of the prescriptive easement before consummating the agreement to purchase. They consulted their attorney regarding its relocatability. Although the record does not disclose the attorney's advice, we cannot presume that the Swensons were erroneously instructed. In these circumstances it was permissible for the trial court to find that the Swensons were not entitled to rely upon Bay's statement.

Accordingly, we affirm the judgment below in all respects save the granting of $1,500 to Strout Realty as a broker's commission; this award must be reduced to $1,247.40.

COLLINS, C. J., ZENOFF and MOWBRAY, JJ., and YOUNG, D. J., concur.