BURTON KELLER and VIOLET KELLER, Appellants, v. ARMANDO MARTINI, ELIO MARTINI and OLIVA MARTINI, Respondents.

No. 5948

June 19, 1970                                       471 P.2d 207

*Laub & Puzey,* of Reno, for Appellants.

*Adams, Reed & Bowen* and *Charles M. Murphy,* of Reno, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

Burton and Violet Keller, through family history and a purchase, are owners of a parcel of realty in Washoe County to which ingress and egress is accomplished by an easement created from use for many years. The Martinis own the property upon which the easement is located. The easement has been used by the Kellers for access to their business which originally was an auto repair shop. As such, the use of the roadway from the main road to their property over the years became an easement by prescription and although there were periods of interruption the parties acknowledge that a prescriptive easement does exist across the Martinis' property for the benefit of the Kellers.

Only one principal question is posed, that is, the width of the easement. The Kellers claim as much as 30 feet, the Martinis would restrict it to less than ten. The trial court found that the easement is 18 feet wide and the Kellers appeal from that finding.

1. The extent of a prescriptive easement is fixed by the use which created it. Cox v. Glenbrook Co., 78 Nev. 254, 262, 371 P.2d 647 (1962) (dictum). This easement was found to have been used for the operation of an auto repair shop which, since 1964, was enlarged into an automobile wrecking yard. The expansion brought about problems of deep concern to public authorities and property owners with which we are not

here concerned. Our concern is directed only to reviewing the determination of the trial court that the easement is 18 feet wide.

The evidence is in conflict as to the width of the easement. Originally, in many years gone by, the width of the easement was eight feet but at the inception of this action the Kellers claim that it had widened to at least 30 feet. Truly, it varied at several points depending upon the grading, fill and other factors. The trial judge took into account oral testimony of several witnesses who testified from personal observation, also the installation of a culvert that was 16 feet 9 inches wide and his personal view of the premises. The court then concluded that 18 feet was the extent of the use and his conclusion is reasonable. The finding meets the requirement of fairness. Where the testimony conflicts the judge can weigh the conflicting testimony and determine an adequate width and location of the easement. England v. Ally Ong Hing, 459 P.2d 498, 506 (Ariz. 1969); Ward v. City of Monrovia, 108 P.2d 425, 429 (Cal. 1940); Swenson v. Strout Realty, Inc., 85 Nev. 236, 452 P.2d 972 (1969); Cox v. Glenbrook Co., supra, at 264 (easement by grant).

2. Another issue relating to the refusal of the trial court to admit a multitude of cancelled checks is without merit nor was it properly preserved for appeal.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.