MARTIN ANDERSON, APPELLANT, *v.* EUGENE FELTEN, HAROLD FELTEN AND NORMA C. FELTEN, RESPONDENTS.

No. 11087

June 4, 1980            612 P.2d 216

BATJER and GUNDERSON, JJ., dissented.

*Guild, Hagen & Clark, Ltd.,* and *Thomas J. Hall,* of Reno, for Appellant.

*Hale, Lane, Peek, Dennison & Howard,* and *Gregg W. Zive,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced by Anderson seeking a court declaration that he is the owner of a 50-foot easement over the property of the Feltens, and that the Feltens be enjoined from obstructing such easement. It was his contention that the easement had been acquired by prescription and by implied public dedication. The district court found that an easement had not been acquired. This appeal followed.

This litigation concerns an area in Douglas County, Nevada, known as Mott Canyon.

The Feltens own two contiguous parcels depicted on the map as Felten A and B. Parcel A was purchased from Raymond Fillmore in October 1958. Parcel B was purchased in 1970 from the Hansons and Muriel Elges. Anderson owns two noncontiguous parcels in the Canyon. Anderson A was purchased in 1971 from August Kettenberg. Anderson B was purchased from Kettenberg in 1976. Kettenberg had purchased the larger parcel, A, in 1948, and the smaller parcel, B, in 1956 or 1958.

The claimed right of way is an unpaved, diagonal path through the sagebrush, approximately one car wide. The path cuts across the southeast corner of Felten B and continues in a southwesterly direction to Anderson B. Thereafter it continues westerly across other land to Anderson A.

When Kettenberg purchased the larger parcel, Anderson A, the diagonal path was the only entrance into the Canyon, and

was used mainly by hunters and Christmas tree foragers. It also was used by two lumber companies for access to logging operations on Anderson A. In recent years the road has been used sporadically as a pickup point for skiers who had skied down the back side of Heavenly. Kettenberg's personal use of the road was very limited. He was never granted permission to use the road.

In 1963 and 1973, two roads adjacent to Anderson B (Felten Road—Ruppel Road) and leading off the new Kingsbury Grade were paved. Thereafter Kettenberg used those roads to gain access to his property. The record does not reveal that Anderson ever used the diagonal path over which he claims an easement.

Mr. Felten moved onto Felten B in 1974 and has never expressly granted permission to anyone to use the diagonal path.

1.  An easement by prescription may be created through five years adverse, continuous, open and peaceable use. Jackson v. Hicks, 95 Nev. 826, 604 P.2d 105 (1979). For a use to be

adverse it must be exclusive, that is, held under a claim of title exclusive of any other right, as one's own. Howard v. Wright, 38 Nev. 25, 143 P. 1184 (1914).

There is no evidence that Anderson, himself, used the road after his purchase of the property. If an easement by prescription was created, it must have been by his predecessor, Kettenberg. His use thereof was infrequent and sporadic. Moreover, he testified that he did not have a right of way, but thought that he had a right to use the road because it had been there for a long time. He also stated that before he purchased land in Mott Canyon, the public had used the road on hunting and hiking trips. Although one may acquire a prescriptive easement even though the easement also is used by the public, such private right must rest on the actual use by that individual and his predecessors and not on their use as members of the general public. Stix v. La Rue, 78 Nev. 9, 368 P.2d 167 (1962); O'Banion v. Borba, 195 P.2d 10 (Cal. 1948). It was permissible for the trial court to find that the predecessors of Anderson had not acquired an easement by prescription.

2. It also was permissible for the trial court to find that the road in question was not a public road. No evidence was received showing that the Feltens clearly and unequivocally intended to devote the road to public use. This was the burden of proof placed upon Anderson. Mid-County Cemetery District v. Thomason, 518 P.2d 174 (Ore. 1974); City of Northglenn v. City of Thornton, 569 P.2d 319 (Colo. 1977). It was not met. When a road over uninclosed, uncultivated land is used occasionally by skiers, hikers and hunters, such use ordinarily will be attributed to a license on the part of the owner, rather than to an intention to dedicate. Hamerly v. Denton, 359 P.2d 121 (Alas. 1961).

Affirmed.

MOWBRAY, C. J., and MANOUKIAN, J., concur.

BATJER, J., with whom GUNDERSON, J., agrees, dissenting:

I respectfully dissent from the holding of the majority. The maps and photographs in evidence as well as the testimony of August Kettenberg indicate at least the existence of an "unimproved, unpaved, diagonal path through the sagebrush approximately one car wide" leading from the "Foothill Road" to both parcels of appellant's property. Kettenberg's testimony indicates some use of the road by the general public for many

years. As the Colorado Supreme Court said in Brown v. Jolley, 387 P.2d 278 (Colo. 1963), "A road may be a highway though it reaches but one property owner". *Cf.* Anderson v. Richards, 96 Nev. 318, 608 P.2d 1096 (1980).

A slight deviation of the road over the years does not negate the claim that the road had been brought into existence. Central Pacific Railway v. Alameda Co., 284 U.S. 463 (1932).

I agree that appellant is not entitled to enlarge the easement to a width of 50 feet over the property of the Feltens. Keller v. Martini, 86 Nev. 492, 471 P.2d 207 (1970); *see* Cox v. Glenbrook Co., 78 Nev. 254, 262, 371 P.2d 647 (1962). Nevertheless, he should be entitled to the original trail or a reasonable alternate for ingress to and egress from his land.