NORMAN DEAN and LEILA DEAN, Husband and Wife, and DEAN ROOFING COMPANY, a Nevada Corporation, Appellants, *v.* KEITH A. POLLARD and POLLARD POOLS, INC., a Nevada Corporation, Respondents.

No. 8566

March 9, 1977 560 P.2d 911

[Rehearing denied March 30, 1977]

*Leavitt, Edwards & Leavitt,* Las Vegas, for Appellants.

*Allan D. Bray,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a judgment granting Keith A. Pollard an easement, by prescription, over property owned by Dean Roofing Company. Dean erroneously contends (1) the evidence does not support the finding of a prescriptive easement; and, (2) that a letter, executed by the parties in 1972, constituted an accord and satisfaction of the property dispute.

In 1962, Keith and Harriet Pollard, together with Guy Gagnon, purchased a piece of property contiguous to property owned by Dean Roofing Company. Subsequently, Keith Pollard became the sole owner of the property on which he operated a swimming pool business. When the property was originally acquired a chain link fence stood on what was thought to be the northern boundary of Pollard's property. Adjacent to this fence Pollard constructed a driveway which was used for ingress and egress to a warehouse.

In 1972, Dean had the property surveyed and found that the chain link fence encroached twelve and one-half feet upon the Dean property. Soon thereafter Pollard and Dean signed a letter, prepared by Dean, which stated: "Easement is hereby granted to Keith Pollard, Pollard Pools, until February 1975." In January 1975, Dean informed Pollard that the fence was going to be moved to the surveyed boundary line. This suit followed.

1. In order to acquire an easement by prescription there must be five years adverse, continuous, open and peaceable use.

Richardson v. Brennan, 92 Nev. 236, 548 P.2d 1370 (1976); Stix v. La Rue, 78 Nev. 9, 368 P.2d 167 (1962); Howard v. Wright, 38 Nev. 25, 143 P. 1184 (1914).

Mr. Gagnon's testimony established that from the date the property was purchased in 1962, the twelve and one-half foot strip had been used as a driveway. Many people who worked on or near the subject property corroborated this testimony. Such evidence clearly supports the trial court's finding, which we decline to disturb. *See* Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976).

2. It having been established that Pollard had used the driveway adversely, continuously, openly and peaceably for more than five years *prior* to the time the 1972 letter was signed, we need not, and therefore do not, reach Dean's contention that the letter was an accord and satisfaction. Stix v. La Rue, *supra*.

Affirmed.