ERNEST GROSO and GENEVIEVE GROSO, Appellants, *v.* LYON COUNTY, NEVADA; BOARD OF COUNTY COMMISSIONERS OF LYON COUNTY; EX OFFICIO BOARD OF HIGHWAY COMMISSIONERS, JOHN POLI, JOHN McNOWN, and EDWARD MALONEY, Constituting the Members of Said Board; LYON COUNTY PLANNING COMMISSION, BOBBIE MILLER, MELVIN PURSEL, NEIL MORTENSEN, NELSON SCIARINI, CAROL BONDS, GEORGIA FULSTONE and CLAUDE WILLIAMS, Constituting the Members of Said Board; LYON COUNTY RECORDER WARREN LEWIS and JAMES COMPSTON; EXECUTIVE CONSULTANTS, INC., a Nevada Corporation; LESLIE E. PETERS and PATRICIA M. PETERS, Husband and Wife; WILLIAM O'BRIEN, MILDRED O'BRIEN, Respondents.

No. 14261

October 4, 1984                                                    688 P.2d 302

*Daniel R. Walsh,* Carson City, Nevada, for Appellants.

*William Rogers,* District Attorney, Lyon County, Nevada, *Woodburn, Wedge, Blakey & Jeppson,* Reno, Nevada, *Ronald T. Banta,* Yerington, Nevada, *George M. Keele,* Gardnerville, Nevada, *Don Cory Clapp,* San Carlos, California, for Respondents.

**OPINION**

*Per Curiam:*

This appeal concerns the district court's ratification of the approval of three parcel maps by the Lyon County Planning Commission. The maps were submitted to the Commission by respondent James Compston. At least one of these maps identified the Hoye Canyon Road, which passes through appellants' property, as the only offsite access to the proposed parcels. Appellants contend that this road is a private thoroughfare as it passes through their land. They appeal the district court's finding that it is a public road. They also contend that the Commission's approval of the parcel maps was an abuse of discretion in that the parcels are actually a subdivision under state law and have not been demonstrated to have adequate offsite access. For the reasons stated below, we affirm the district court's judgment for respondents.

The lower court found that the portion of Hoye Canyon Road passing through appellants' property had become a public road by prescriptive use by virtue of the "open, continuous, adverse use by the general public . . . for at least seventy years." Appellants' sole contention on appeal relative to this finding is that the evidence showed only a permissive use which could not ripen into a prescriptive right.

Whether the use of a servient estate is permissive or adverse is a question of fact. Jackson v. Hicks, 95 Nev. 826, 604 P.2d 105 (1979). The trial court's determination that the use was adverse in this case is based on substantial evidence and will not be disturbed. *See* Jacobson v. Best Brands, Inc., 97 Nev. 390,

632 P.2d 1150 (1981). An easement by prescription is established by five years of adverse, continuous, open and peaceable use. Dean v. Pollard, 93 Nev. 105, 560 P.2d 911 (1977). Since all the elements of a prescriptive easement were established, the court did not err in concluding that the road had become public.

The trial court also correctly determined that the Commission did not abuse its discretion in approving the three parcel maps. Appellants argue that respondent Compston's seriatim submission of three parcel maps was an attempt to circumvent the subdivision statute and that the resulting parcels actually constitute a subdivision under state law. In support of their argument, appellants cite Pratt v. Adams, 40 Cal.Rptr. 505 (Cal.App. 1964), and Bright v. Board of Supervisors, 135 Cal.Rptr. 758 (Cal.App. 1977). These cases, however, construe the California subdivision statutes which are distinctly different from the applicable Nevada statutes. NRS 278.462(3) clearly contemplates the further development of property by the use of parcel map where contiguous property has already been approved for development in a previously submitted parcel map.[1] Approval of the proposed development is committed to the discretion of the local planning authority. A review of the record convinces us that the commission did not abuse its discretion in this case.

Appellants' further argument that the acceptance of the Hoye Canyon Road as offsite access for the parcels somehow violated the law or the established policy of the County Commission is also meritless. The fact that the Hoye Canyon Road provides legal public access to the parcels in question has been established. A review of the record indicates that it was not uncommon for the Commission to accept existing county roads as sufficient offsite access for planned parcels.

Appellant's other arguments have been considered and are without merit.

Affirmed.[2]

---

[1]NRS 278.462 provides in relevant part:

The governing body may require:

. . .

(3) For a second or subsequent parcel map with respect to a single parcel or contiguous tract of land under the same ownership any reasonable improvement, but not more than would be required if the parcel were a subdivision.

[2]THE HONORABLE NOEL E. MANOUKIAN, Chief Justice, voluntarily disqualified himself. Nev. Const., art. 6, § 19, SCR 10.