Jack M. POWELL and Beverly A. Powell, Appellants, (Plaintiffs Below),

v.

Joseph DAWSON and Lawrence Dawson d/b/a J.S. Dawson Development Co., and City of Carmel, Appellees, (Defendants Below).

No. 2–683–A–185.

Court of Appeals of Indiana, Second District.

Aug. 25, 1987.

David Langolf Smith, William W. Knowles, Raymond L. Faust, Baker, Orbison, Bales & Knowles, Carmel, for appellants.

Campbell, Kyle & Proffitt, Noblesville, Danford R. Due, Stewart, Reeder, Due & Miller, Indianapolis, Gordon D. Byers, Noblesville, for appellees.

OPINION ON REHEARING

SHIELDS, Presiding Judge.

Prior report: Ind.App., 469 N.E.2d 1179.

Appellants Jack M. Powell and Beverly A. Powell, by Petition for Rehearing, argue the decision of this court is erroneous because it fails to address their appellate argument or raised on appeal, that the trial court erred in granting summary judgment against them on their claim for relief on a nuisance theory based upon *Chesapeake & O.R. Co. v. Powell*, 113 Ind.App. 1, 44 N.E.2d 514 (1942).

The decision of this court does, in fact, implicitly address the Powells' claim in its statement that the predicate for the Powells' causes of action, as presented, is the existence of a prescriptive easement. In the context of our opinion, the word "predicate" means that the existence of a prescriptive easement is an essential ingredient of Powell's claims for relief, as they argued them.

In the absence of an easement, Dawsons had no duty relating to the field tile. It was not part of a drain established according to law as were the drains in *Chesapeake & O.R. Co. v. Powell*. Rather, the field tiles were on Dawsons' property without legal right.

As a matter of law, the Dawsons did not unreasonably interfere with Powells' use and enjoyment of their real estate when the Dawsons interrupted the Powells' own "trespass" upon Dawsons' property. Accordingly, an action for nuisance could not exist.

The Petition for Rehearing is denied.

BUCHANAN, J., concurs.

SULLIVAN, J., concurs with separate Opinion.

SULLIVAN, Judge, concurring.

I concur in the denial of Powell's Petition for Rehearing but would add a comment concerning my understanding of a claim for private nuisance. As I perceive it, the nuisance concept relates to my right to have a neighbor not interfere with my use of my land by something the neighbor does upon his land. It does not relate to any rights which I might have over my neighbor's land. Accordingly, I do not believe that the nuisance aspect of Powell's claim begins and ends with the determination that Powell had acquired no easement over Dawson's land.

Nevertheless, I conclude, as a matter of law, that Dawson's blockage of the field-tile drain was not unreasonable. Furthermore, Dawson's actions were not intentional vis-a-vis interference with Powell's use of Powell's land. As acknowledged by Powell (Appellant's Brief at 17–18), the absence of intentional interference precludes a successful claim of private nuisance. Prosser & Keeton on Torts § 87, 624 *et seq.* (5th Ed. Hornbook Series, Lawyers Ed. 1984).