**William D. GORBETT, Appellant,**

v.

**Gilbert CLAYCAMP, d/b/a Claycamp Excavating, Inc., Appellee.**

**No. 36S04–9005–CV–313.**

Supreme Court of Indiana.

May 2, 1990.

Thomas M. Barr, Nashville, for appellant.

Jeffrey J. Lorenzo, Seymour, for appellee.

GIVAN, Justice.

In an opinion published in 543 N.E.2d 401, the Court of Appeals reversed the trial court's judgment awarding Claycamp an additional $3,000 plus interest at the annual rate of ten percent from the date of judgment, plus costs.

The facts are: William D. Gorbett sought to have a pond excavated on certain property. He contacted Gilbert Claycamp and inquired as to the cost of building the pond. Costs were discussed between the parties, which largely revolved around the cost of $1.50 per cubic yard of earth moved and an additional $1,000 to $1,500 for grading a nearby hillside. Gorbett arranged for the local Soil Conservation Service to study the ground and sketch a pond plan. The representative from SCS staked a pond outline on the property. Claycamp and Gorbett observed this stake out and found it to be approximately 100 feet square and called for a depth of 12 feet. Claycamp estimated that this would require the removal of about 2,000 cubic yards of dirt; therefore, the cost would be approximately $3,000 plus the cost of grading the nearby hillside.

After work was commenced on the project, Gorbett moved the stakes several times, advising Claycamp that he was "only going to do this once in a lifetime" and wanted it a certain way. By reason of Gorbett's moving the boundaries to be excavated, the finished product constituted a pond 100 feet by 200 feet and 12 feet deep, thus doubling the amount of cubic yards of dirt to be moved. When Claycamp presented his bill upon the completion of the pond, it was calculated at $1.50 per cubic yard of dirt moved, plus the cost of the grading of the nearby hillside.

Gorbett took the position that Claycamp had agreed to build the pond for $3,000 and refused to pay more. Claycamp brought suit in the trial court to recover the additional cost of building a pond twice the size of the original one staked out by the SCS. The trial court found in Claycamp's favor and ordered Gorbett to pay an additional amount of $3,000, plus an annual rate of ten percent from the date of judgment and court costs.

Gorbett appealed to the Court of Appeals and judgment was reversed. Judge Miller filed a dissenting opinion in which he correctly states that this case constitutes a weighing of evidence of the parties' conflicting understanding of their contract.

As recognized by the majority opinion, it is improper for an appellate court to reweigh the evidence submitted to the trial court. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896. The majority opinion cites *Cleveland, etc., R. Co. v. Moore* (1907), 170 Ind. 328, 82 N.E. 52, *reh'g. denied* (1908), 170 Ind. 328, 84 N.E. 540, which held that a contractor and his surety were charged with the knowledge of changes made during the grading of a railroad yard and that their action based on *quantum meruit* for the extra earth moved could not stand because they would be charged with the knowledge and acquiescence of the changes made during the construction.

The majority also cites *Rebekah Assembly I.O.O.F. v. Pulse* (1910), 47 Ind.App. 466, 92 N.E. 1045, *reh'g. denied* (1911), 47 Ind.App. 466, 94 N.E. 779. In that case, the contractor entered into an agreement to build a passageway 90 feet in length to connect a new building to be constructed

with the old building already located on the premises. However, the Lodge reserved the right to locate the new building where it chose.

We perceive that these cases are distinguishable from the case at bar. In the instant case, the evidence submitted to the trial court was ample to support its finding that the understanding between the parties for the building of the pond was based upon the cost of $1.50 per cubic yard for the dirt to be moved. When the parties observed the area staked out by the SCS, Claycamp advised Gorbett that to build the pond staked out would require the moving of approximately 2,000 cubic yards of dirt; thus, the cost for moving the dirt would be $3,000. With this understanding, construction of the pond was commenced.

However, Gorbett took it upon himself to double the size of the pond. Gorbett attempts to rely on the fact that as the construction progressed, periodically he would ask Claycamp how they were doing (meaning how were they coming with the cost), and Claycamp would respond that they were doing all right. Gorbett now claims that his inquiry was whether they were staying within the $3,000, and Claycamp responds that his understanding was that they were not exceeding the $1.50 cost per cubic yard in completing the construction.

It was for the trial court to hear the evidence and resolve this difference in understanding. Judge Miller, in his dissenting opinion, relies heavily upon the case of *Connersville Country Club v. F.N. Bunzendahl, Inc.* (1966), 140 Ind.App. 215, 222 N.E.2d 417. We believe the *Bunzendahl* case more clearly parallels the facts in the case at bar. Here, it seems only logical for the trial court to conclude that Gorbett knew that the cost of moving dirt was $1.50 per cubic yard and that by doubling the size of the pond after Claycamp had told him the original pond would cost $3,000 clearly put Gorbett on notice that the cost of the altered pond would be greater than the original estimate.

Given the facts presented to the trial court in this case, we cannot justify re-weighing those facts and overturning the trial court's decision.

The Court of Appeals' opinion is set aside and the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, J., concur.

DICKSON, J., dissents without separate opinion.

PIVARNIK, J., not participating.