William L. FLECK, Jr. and Mary Kay Fleck, Appellants–Plaintiffs,

v.

James E. HANN, Edna R. Young, Gene Ranstead and Marcille Ranstead, Appellees–Defendants.

No. 43A04–9412–CV–516.

Court of Appeals of Indiana.

Nov. 29, 1995.

126

Stephen R. Snyder, Jack C. Birch, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellants.

James S. Butts, Warsaw, for appellees.

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants William L. Fleck, Jr. and Mary Kay Fleck (the "Flecks") appeal a judgment in favor of their neighbors, Defendants–Appellees, James E. Hann and Edna R. Young ("Hann"), following a bench trial on the Flecks' complaint for a preliminary and permanent injunction against Hann. The trial court found that Hann had established a prescriptive easement across the Flecks' property for the maintenance and use of a pier on Silver Lake.

We reverse and remand.[1]

### ISSUES

Although the parties frame their issues in broad terms and raise additional issues for our consideration, our resolution of this case requires that we address only the narrow issue of whether the trial court erred by concluding that the use of the Flecks' property had been adverse for the entire statutory period.

---

1. Gene Ranstead and Marcille Ranstead (the "Ransteads") were also defendants before the trial court; however, they are not parties to this appeal.

*FACTS AND PROCEDURAL HISTORY*

J.W. Fleck and Jesse P. Fleck, the Appellants' grandparents, purchased real estate adjacent to Silver Lake in 1921. The property was platted as the First Addition to Coy Flats on Silver Lake in 1956. The same year, the Ransteads purchased Lots 6 and 7 in the First Addition. Lots 6 and 7 were not lake-side lots; however, at the time of the purchase, J.W. Fleck gave the Ransteads permission to erect and use a pier extending from an unplatted area between two lakeside lots owned by J.W. Fleck. At trial, Gene Ranstead testified that the use of the pier was "part of the deal." (R. at 113). In order to use the pier, the Ransteads had to cross over the unplatted property owned by J.W. Fleck. Nothing in the documents related to the conveyance of the property granted an easement to the Ransteads for use of the pier. Since that time, four piers have been constructed at that site. As one pier wore out, it would be replaced by another constructed by the Ransteads.

In 1968, the Ransteads purchased two additional lots, Lots 15 and 16, directly across from their original lots. During their ownership, the Ransteads rented a cottage on the additional lots to vacationers. The Ransteads also extended to their renters permission to use the pier and to use the Ransteads' boat docked at the pier.

In 1976, the Ransteads conveyed Lots 15 and 16 to Cyril and Thelma Cole (the "Coles"). In 1981, Cyril Cole's heirs conveyed Lots 15 and 16 to Hann. Since taking title, Hann has used the pier erected by the Ransteads, and since that time Hann has helped to erect and maintain subsequent piers.

On June 8, 1992, the Flecks filed a complaint seeking an injunction to prohibit Hann from maintaining a pier off the Flecks' property.[2] After a bench trial, the trial court found that Hann had established a prescriptive easement across the Flecks' property for the maintenance and use of a pier on Silver Lake.

Fleck appeals.

*DISCUSSION AND DECISION*

■■■ In entering its judgment, the trial court made findings of fact and conclusions of law sua sponte. When reviewing special findings, entered without the request of one of the parties, the special findings control only as to those issues which they cover. *State Ex Rel J.A.W. v. Indiana Juvenile Parole Committee* (1991), Ind.App., 581 N.E.2d 989, 991, *reh'g denied*, (1992), 585 N.E.2d 729. On appeal, special findings will not be set aside unless they are clearly erroneous, *United Farm Bureau Mutual Ins. v. Blanton* (1983), Ind.App., 457 N.E.2d 609, 611, that is, when the judgment is unsupported by the findings of fact and conclusions of law entered on the findings. *Douglas v. State* (1994), Ind.App., 634 N.E.2d 811, *trans. denied, on reh'g*, 640 N.E.2d 73. We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. *Matuga v. Matuga* (1992), Ind.App., 600 N.E.2d 138, 140, *trans. denied.*

■■■ A prescriptive easement is established by actual, open, notorious, continuous, uninterrupted, adverse use for 20 years under a claim of right, or by continuous adverse use with the knowledge and acquiescence of the servient owner. *Bauer v. Harris* (1993), Ind.App., 617 N.E.2d 923, 926, *reh'g denied; Powell v. Dawson* (1984), Ind.App., 469 N.E.2d 1179, 1181, *reh'g denied*, (1987), 512 N.E.2d 194; Ind.Code 32–5–1–1 (1993). The statutory period need not be maintained by one adverse user; continuity of use for the requisite twenty-year period may be established by tacking the adverse use of predecessors in title. *DeShields v. Joest* (1941), 109 Ind.App. 383, 387, 34 N.E.2d 168, 170; *see Smith v. Brown* (1956), 126 Ind.App. 545, 551, 134 N.E.2d 823, 825 (statutory period of adverse possession need not be maintained by one person and successive periods of ad-

---

2. William L. Fleck filed the initial complaint, naming Hann as defendant. Two months later, William Fleck amended the complaint to add the Ransteads as defendants. After answering the amended complaint, the Ransteads motioned to join Mary K. Fleck as an additional party plaintiff.

verse possession may be tacked together to constitute necessary period for adverse possession to defeat title of the record owner by continued disseizin for more than twenty years). Further, the unexplained use of an easement for 20 years is presumed to be under a claim of right, adverse, and sufficient to establish title by prescription unless that use is contradicted or explained. *DeShields*, 109 Ind.App. at 387, 34 N.E.2d at 170; *Reder v. Radtke* (1961), 132 Ind.App. 412, 417, 177 N.E.2d 669, 672. In other words, a rebuttable presumption that use is adverse arises under those circumstances, and in order to rebut that presumption the owner must explain such use by demonstrating that he merely permitted the claimant to use his land. *Bulatovich v. Easton* (1982), Ind.App., 435 N.E.2d 997, 998–99.

■ Hann established the required statutory periods of adverse use of the Flecks' property by tacking his own use to the use of his predecessors in title. Beginning in 1981, when Hann purchased his property, until 1992, when the Flecks filed this action, Hann crossed the Flecks' property to use the pier to dock his boat on Silver Lake. This use was adverse and under a claim of right. From 1976 to 1981, the Coles used the pier. Although the nature of their use was disputed before this court and the trial court, we will assume for purposes of this appeal, that the Coles' use of the pier is unexplained, thus raising the rebuttable presumption that the use was adverse.[3] The use of Hann and the Coles accounts for 16 years, four years short of the statutory requirement. Thus, it was necessary for Hann to tack the Ransteads' use of the pier for four years to satisfy the statutory time period.

■ In this regard, the trial court found that:

[I]t appears by the Defendant Gene Ranstead's own testimony, that discussions using the pier were held and that in essence, he was granted permission to use the pier in question. If, in fact, he was given an easement, the documents of conveyance should reflect the same. Otherwise, the court can determine only that the owner at the time, the Grandparents of [Fleck], conveyed to the [Ransteads], permission to utilize the pier and that [Fleck] retains the right to terminate that permission.

\* \* \* \* \* \*

Although the evidence reveals that the [Ransteads], had permission to use the pier which the court determines attached to Lots 6 and 7 in the First Addition, there is no indication that such permission was granted to the [Ransteads], in regards to Lots 15 and 16 in the First Addition to Coy Flats purchased by them and conveyed to [the] Coles, and which lots were ultimately conveyed to [Hann].

(R. at 129–30).

The permission which the Ransteads received from J.W. Fleck was in the form of a license and not an easement. According to BLACK'S LAW DICTIONARY 920 (6th ed. 1990) a license is a "personal privilege to do some particular act or series of acts on land without possessing any estate or interest therein, and is ordinarily revocable at the will of the licensor and is not assignable." Thus, the Ransteads had a personal privilege to use the pier which did not attach to any parcel of land that they owned and the trial court's finding to the contrary is clearly erroneous as a matter of law.

■ Further, the Ransteads could not permissively use the pier as the owner of Lot 16 and adversely use the pier as the owners of Lots 6 and 7. This would amount to a kind of secretive adverse use which would ultimately circumvent the stringent requirements that an adverse user must prove to acquire a prescriptive easement. The Ransteads' use of the pier was at all times permissive and not under a claim of right. A use which is merely permissive or which is exercised under a mere license cannot ripen into an easement. *Greenco v. May* (1987), Ind.App., 506 N.E.2d 42, 46. Although a prescriptive easement may be established with the knowledge and acquiescence of the owner, *Powell*, 469 N.E.2d at 1181, the only inference which can be drawn from the find-

**3.** The Flecks argue that the evidence before the trial court rebutted this presumption; however, we decline to address this issue at present since our decision rests on other grounds.

ings of fact is that J.W. Fleck gave the Ransteads permission to use the pier, not that the Flecks acquiesced in the Ransteads' use.

The trial court erred as a matter of law finding that the Ransteads' use of the Flecks property was adverse and under a claim of right. The judgment is reversed and remanded for proceedings consistent with this opinion.

DARDEN, J., concurs.

CHEZEM, J., concurs in result.