ATTORNEYS FOR APPELLANT
Charleyne L. Gabriel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
James C. Tucker
Jennifer A. Tucker
Paoli, Indiana

In the

# Indiana Supreme Court

No. 47S01-0511-CV-609

PAUL WILFONG,

Appellant (Plaintiff below),

v.

THE CESSNA CORP.,

Appellee (Defendant below).

Appeal from the Lawrence County Superior Court Number 1, No. 47D01-9811-CP-1060
The Honorable Michael A. Robbins, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 47A01-0310-CV-00406

**November 29, 2005**

**Sullivan, Justice.**

Paul Wilfong claims to have a prescriptive easement permitting him to use a private roadway across Cessna Corporation's property. While there was evidence that previous owners of Wilfong's property used the roadway, there was also evidence at trial that the prior use had been only with the permission of the owner and not "hostile or under any claim of right." This latter evidence was sufficient to support the trial court's rejection of Wilfong's claim.

**Background**

The question in this case is whether the owner of a particular landlocked parcel of land is entitled to use a private roadway that crosses three parcels of land owned by others in order to reach a public road. For purposes of visualizing the land involved in this dispute, the reader should think of four roughly rectangular parcels (which we will refer to as Parcels #1, #2, #3, and #4) laid out in numerical order on a diagonal from southwest to northeast.

In 1998, Paul Wilfong purchased Parcel #4 from Leroy Inman. Parcel #3, the property bordering Parcel #4 to the southwest, is owned by the Cessna Corporation. Parcel #2, the property bordering Parcel #3 to the southwest, is owned by Inman. Parcel #1, the property bordering Parcel #2 to the southwest, is also owned by the Cessna Corporation.

The private roadway in question begins on Wilfong's property (Parcel #4) and proceeds southwest across Parcels #3, #2, and #1 to the southwest corner of Parcel #1, where it joins a public road. The private roadway provides the only access from Parcels #2, #3, and #4 to the public roadway.

Dating back to at least 1932, Wilfong's predecessors-in-title had used the roadway through Parcels #1, #2, and #3. However, immediately after Wilfong purchased Parcel #4 in 1998, the Cessna Corporation locked the gate to Parcel #3, informing Wilfong he would need permission to travel across Parcel #3 (and Parcel #1). As a result, Wilfong was effectively denied access to the roadway. In response, Wilfong filed a complaint claiming he held a prescriptive easement on the basis of his predecessors-in-title's past use of the roadway.

After a bench trial, the trial court rejected Wilfong's claim to a prescriptive easement. After hearing the testimony of the witnesses, the trial court determined that Wilfong could not claim a prescriptive easement interest in the roadway because Wilfong's

2

predecessors-in-title's "use of the pathway was never hostile or under any claim of right" and that his predecessors-in-title had "used the pathway by permission of defendant [Cessna Corporation] and its predecessors in title." Trial Ct. Order at 5. Wilfong appealed.

The Court of Appeals reversed the trial court. Wilfong v. Cessna Corp., 812 N.E.2d 862 (Ind. Ct. App. 2004). Contrary to the trial court's finding, the Court of Appeals found after reviewing the record that Wilfong held a prescriptive easement over the roadway "[b]ased [in part] on the overwhelming evidence . . . that no permission has ever been given to use the Roadway, linking the Wilfong estate to the public road." Id. at 867. Cessna Corporation sought, and we grant, transfer. Ind. Appellate Rule 58(A).

**Discussion**

Our approach to prescriptive easements recognizes that they generally "are not favored in the law." Carnahan v. Moriah Prop. Owners Ass'n., Inc., 716 N.E.2d 437, 441 (Ind. 1999). For that reason "the party claiming [a prescriptive easement] must meet 'stringent requirements.'" Id. (quoting Fleck v. Hann, 658 N.E.2d 125, 128 (Ind. Ct. App. 1995)). A party claiming the existence of a prescriptive easement must provide evidence showing "an actual, hostile, open, notorious, continuous, uninterrupted adverse use for twenty years under a claim of right." Id. Furthermore, "[e]ach . . . element[ ] . . . must be established as a necessary, independent, ultimate fact, the burden of showing which is on the party asserting the prescriptive title, and the failure to find any one such element [is] fatal . . . , for such failure to find is construed as a finding against it." Id. at 441-42 (quoting Monarch Real Estate Co. v. Frye, 77 Ind. App. 119, 124-25, 133 N.E. 156, 158 (1921)).

In our recent decision, Fraley v. Minger, 829 N.E.2d 476 (Ind. 2005), we reviewed the history of the doctrine of adverse possession in Indiana and reformulated the elements necessary for a person without title to obtain ownership to a parcel of land. We held that the claimant in such circumstances must establish clear and convincing proof of

3

(1) control, (2) intent, (3) notice, and (4) duration.[1]  Id. at 486.  This reformulation ap-plies as well for establishing prescriptive easements, save for those differences required by the differences between fee interests and easements.

As noted above, the trial court found that Wilfong had failed to prove that his use or his predecessors-in-title's use of the roadway was adverse.  See Trial Ct. Order at 5.  Specifically, the trial court found based on testimony presented during its bench trial that the Cessna family had granted Wilfong's predecessors-in-title permission to use the roadway.  Id. at 4.  (Under the new Fraley v. Minger formulation, this was tantamount to holding that the elements of "intent" and, to some extent, "notice" had not been estab-lished.)  Supporting its conclusion was the testimony of the daughter and wife of Donald Cessna, who were the immediate predecessors-in-title to the Cessna property.  The two witnesses each testified that Leroy Inman, Wilfong's immediate predecessor-in-title, used the roadway traversing the Cessna property with the permission of the Cessnas.

On review, the Court of Appeals found this testimony insufficient to demonstrate permissive use.  Wilfong, 812 N.E.2d at 867.  The court relied on the testimony of four witnesses, Leroy Inman and three former residents of either the Wilfong or Cessna prop-

---

[1] These four elements are established by clear and convincing proof of the following:

> (1) Control—The claimant must exercise a degree of use and control over the parcel that is normal and customary considering the characteristics of the land (reflecting the former elements of "actual," and in some ways "exclusive," possession);
> (2) Intent—The claimant must demonstrate intent to claim full ownership of the tract superior to the rights of all others, particu-larly the legal owner (reflecting the former elements of "claim of right," "exclusive," "hostile," and "adverse");
> (3) Notice—The claimant's actions with respect to the land must be sufficient to give actual or constructive notice to the legal owner of the claimant's intent and exclusive control (reflecting the former "visible," "open," "notorious," and in some ways the "hostile," (elements); and,
> (4) Duration—the claimant must satisfy each of these elements continuously for the required period of time (reflecting the for-mer "continuous" element).

Fraley v. Minger, 829 N.E.2d 476, 486 (Ind. 2005).

erties, to conclude that "no permission ha[d] ever been given to use the Roadway. . . ." Id. (None of these witnesses could recall anyone even asking permission to use the roadway at issue.)

On the basis of this evidence, the Court of Appeals found that there "ha[d] been an actual, open, notorious, continuous, uninterrupted, and adverse use of the Roadway, linking the Wilfong Property to the public road, for twenty years under a claim of right, which has never been abandoned." Id. at 868. It then held that Wilfong enjoyed a prescriptive easement over the roadway in accordance with its findings.

In the face of conflicting evidence, it is not within the province of an appellate court to reweigh the evidence or to reassess the credibility of the witnesses. Buchonok v. Emerick, 558 N.E.2d 1092, 1096 (Ind. 1990) (reinstating the trial court's compensatory damage award and refusing to reweigh the evidence of the case).[2] As the Court of Appeals itself has recognized, the trial court sits "in the best position to weigh any conflicting evidence and assess the credibility of the witnesses." Hensler v. Brooks, 684 N.E.2d 1180, 1184 (Ind. Ct. App. 1997).

In this case, two witnesses were called by and testified for Cessna Corp. Four witnesses were called by and testified for Wilfong. It may have been that the Court of Appeals was of the view that the testimony of Wilfong's witnesses established the existence of the prescriptive easement prior to the witnesses supporting Cessna Corp. getting into the picture. But reversal on this basis would depend upon both the credibility of Wilfong's witnesses and their testimony actually establishing the existence of the prescriptive easement.

We believe that even if the two witnesses testifying for Cessna Corp. are disre-

---

[2] To similar effect, see McHenry v. State, 820 N.E.2d 124, 126-27 (Ind. 2005) (reinstating criminal conviction); Quillen v. Quillen, 671 N.E.2d 98, 102 (Ind. 1996) (reinstating trial court's valuation of marital property); In re Estate of Banko, 622 N.E.2d 476, 481 (Ind. 1993) (reinstating trial court's decision to re-open estate); Gorbett v. Claycamp, 553 N.E.2d 475, 476 (Ind. 1990) (reinstating trial court's interpretation of disputed contract).

garded, the trial court's ruling can be sustained under a theory of implied permission grounded in the cordial relationship between the Cessna and Inman families. In Searcy v. La Grotte, 372 N.E.2d 755 (Ind. Ct. App. 1978), the Court of Appeals found permissive use of a roadway between two sisters where there was no evidence of express permission. In Searcy, two sisters owned parcels of land adjacent to one another beginning in 1925. Id. at 756. A dirt drive connected the two parcels and both sisters used the drive without any formal agreement. Id. The sisters enjoyed a "friendly relationship" according to the court, farming together and storing their equipment in the same location. Id. The sisters sold their parcels to the Searcy and La Grotte families in 1959 and 1960 respectively. Id. A disagreement arose thereafter between Searcy and La Grotte regarding the use of the drive and litigation ensued.

Searcy claimed a prescriptive easement over the drive based in part on his predecessor's prior use of the drive. The Court of Appeals held that Searcy could not claim "a prescriptive easement because there was evidence that the use was not adverse." Id. at 757. It cited the testimony of the daughter of one of the sisters in rebutting the presumption that the use of the drive between the two sisters was under a claim of right. The court determined that her testimony was "evidence of the friendly relationship enjoyed by the sisters [which] supports an inference that use [of the drive] . . . was permissive." Id.

In the present case, we have similar evidence of goodwill between the Cessna and Inman families. Inman purchased Parcel #4 in 1944. The Cessna family purchased Parcel #3 in 1953. The testimony of Wilfong's witnesses reflected a very cordial relationship. For example, Paula Trevithick, the daughter of Donald Cessna, and her mother, Priscilla Cessna, both testified to spending most holidays with the Inman family and both women had had their marriage ceremonies performed by Leroy Inman. This evidence is sufficient to infer permissive use and appears to be one of the bases of the trial court's decision.

It is for this reason that we conclude that even if the two witnesses testifying for Cessna Corp. are disregarded, there was sufficient evidence of implied permission in the

6

testimony of Wilfong's witnesses to support the trial court's holding that Wilfong had not established a prescriptive easement to use the private roadway.

## Conclusion

`

We grant transfer and affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.