## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 09 2017, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James L. Hochgesang, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Stanley McLain Sr., <br> *Appellee-Defendant.* | June 9, 2017 <br><br> Court of Appeals Case No. <br> 13A01-1608-PL-1944 <br><br> Appeal from the Crawford Circuit Court <br><br> The Honorable Kenneth Lynn Lopp, Judge <br><br> Trial Court Cause No. <br> 13C01-1504-PL-13 |

**Robb, Judge.**

# Case Summary and Issue

Following a bench trial, the trial court concluded James Hochgesang failed to establish the existence of a prescriptive easement by clear and convincing evidence. Hochgesang now appeals, raising the sole issue of whether the trial court's judgment is clearly erroneous. Concluding the trial court's judgment is not clearly erroneous, we affirm.

# Facts and Procedural History

Hochgesang owns several parcels of real estate in Crawford County, Indiana, two of which are at issue in this appeal. One parcel, which Hochgesang acquired in February of 1995, consists of 141 acres; the other parcel, which Hochgesang acquired in December of 1995, consists of 115 acres and adjoins the 141 acre parcel (collectively, the "Property"). Hochgesang purchased the 115 acre parcel from Ronald McIntosh. McIntosh owned the property from approximately 1992 to 1995. Prior to McIntosh's ownership, the parcel was owned by Melvin and Alice Buchanan for about twenty years. As to the 141 acre parcel, the prior owner was James Buggs, who purchased the land on contract from Tash & Souders Auction Service ("T & S Auction Service").

T & S Auction Service purchased the land from George and Ethel Patton, who owned the land since approximately 1930.[1]

[3] To access his Property, Hochgesang drives on a gravel roadway located on property owned by Stanley McLain, Sr. The gravel roadway originates from a public road, leads to McLain's house, and continues until it reaches the property line between McLain's and Hochgesang's properties.[2] Hochgesang has used this roadway to access his Property since he purchased the Property in 1995 and uses the Property for logging, hunting, and recreational purposes. Hochgesang often allows his friends and family to hunt on his Property and utilizes some of the Property for farming.

[4] McLain purchased his home and property in 2011. From approximately 1991 to 2011, the property was owned by several different people, including Ronnie McLain, Robert Ritter, and Steven Lynch.[3] Prior to these owners, Melvin and Alice Buchanan owned the property for several decades before selling it in the early 1990s. Originally, McLain had no objections to anyone using his road. However, in 2012, McLain informed Hochgesang he would no longer be able to access the roadway. When Hochgesang refused to stop using the road,

---

[1] The record is unclear when the property was sold by the Pattons to T & S Auction Service, and from T & S Auction Service to Buggs.

[2] No other roads exist for Hochgesang to access his Property; however, because Hochgesang owns a third parcel of real estate that adjoins his Property and a public road, the easement at issue is a prescriptive easement and not an easement by necessity.

[3] The record is also unclear who specifically owned the real estate during that period of time.

McLain used cables and a bulldozer to block vehicles from using the road. McLain still permits farmers to use the road to reach their fields. Following their dispute, Hochgesang purchased an easement from Donald Tucker to access his Property.

[5] On April 23, 2015, Hochgesang filed a complaint alleging he had established a prescriptive easement over McLain's property and that McLain should be enjoined from blocking his use of the easement. On April 26, 2016, the trial court held a bench trial. At trial, Hochgesang presented the testimony of David Buchanan, Virgil Shelton, Donald Tucker, Dexter Eastridge, and McLain.

[6] David Buchanan, the son of Melvin and Alice Buchanan, testified his parents owned McLain's property and sold it in 1990 or 1991. He lived at the property from 1959 to 1978. Concerning the use of the gravel roadway, Buchanan stated,

> [T]here's two guys of the T&S Auction Service and I don't remember which one's son actually lived back there for a short period of time and, of course, they used the road. And anybody that wanted to use the road . . . they just drove up . . . we thought well they were coming to the house, but they would just go on past and we just thought well they're going back to the Patton farm.

Transcript, Volume 2 at 65-66. Buchanan further stated he was not aware of whether permission was ever granted to use the gravel road.

[7] Virgil Shelton, a friend of the Buchanans and Hochgesang, testified he has used the roadway to access the Property for hunting. Shelton also testified he always

asked permission to hunt, but was unaware of whether permission was ever granted to use the roadway. Shelton did not state when, or how often he used the roadway.

[8] Hochgesang also presented the testimony of Donald Tucker, McLain's neighbor to the south. Tucker stated the roadway has existed for his entire life and he always assumed the road was a public road; anyone who wanted to access the Property had permission, in his opinion. He also testified he saw James Buggs use the road a couple times, but not very often.

[9] Finally, Hochgesang presented the testimony of Dexter Eastridge, a tenant who rented McLain's property when it was owned by Robert Ritter. Eastridge rented the property from Ritter from 1996 to 1999 and observed Hochgesang and those who Hochgesang permitted to hunt the Property use the roadway.

[10] On July 22, 2016, the trial court issued its order denying Hochgesang's prescriptive easement claim. Specifically, the trial court found:

FINDINGS OF FACT

* * *

5.    The roadway in dispute for which [Hochgesang] seeks a prescriptive easement is a "two-track" gravel drive located on the real estate owned by [McLain] that [Hochgesang] asserts he uses to access [his Property].

6.    The first portion of the roadway extends from Belcher Road to [McLain's] residence. The second portion of the roadway runs along the boundary line of [McLain's] real estate and real estate owned by Don Tucker.

* * *

11. [Hochgesang] asserts that he has used the roadway located upon [McLain's] real estate beginning February 1, 1995, and continuing thereafter until February of 2012, being a period of Seventeen (17) years, under a claim of right and adverse to [McLain].

12. [Hochgesang] asserts that the predecessors in title of [the Property] used the roadway located upon [McLain's] real estate for a period of time that exceeds twenty (20) years . . . .

13. [Hochgesang] did not present specific evidence identifying the predecessors in title of [his Property], [sic] that identified the name of the legal owners of the real estate and the exact period of [t]ime that the predecessors in title owned the real estate.

14. [Hochgesang] testified that he never asked the prior owners of [McLain's] real estate for permission to use the roadway and that he never asked [McLain] for permission to use the roadway.

* * *

19. [Hochgesang] did not present any evidence regarding the ownership of [McLain's] real estate for the period of 1991 through 2012.

* * *

CONCLUSIONS OF LAW

* * *

7. [Hochgesang] failed to present evidence to support the element of Intent. . . . [Hochgesang] failed to present any evidence that his predecessors in title intended to claim full or exclusive ownership of the roadway on [McLain's] real estate . . . .

8.  The evidence presented by [Hochgesang] does not support the element of Notice. [Hochgesang's] actions and the actions of [Hochgesang's] predecessors in title were not sufficient to give actual or constructive notice to [McLain] or [McLain's] predecessors in title of [their] intent . . . .

9.  The evidence presented by [Hochgesang] does not support the element of Duration. [Hochgesang's] testimony claims he was exercising exclusive control of the real estate for the period of February 1, 1995, through February 2012, a period consisting of seventeen (17) years. To establish the element of duration, [Hochgesang] was required to show and establish the elements of Control, Intent, and Notice for a period of twenty years, including a period of three (3) years prior to [Hochgesang's] ownership of the real estate. [Hochgesang] failed to present clear and convincing proof of each of the elements required to establish a prescriptive easement during the three (3) year period preceding [Hochgesang's] ownership . . . .

Appellant's Appendix, Volume 2 at 6-13. Hochgesang now appeals.

Additional facts will be added as necessary.

# Discussion and Decision

## I. Standard of Review

[11]  At the outset, we note McLain did not file an appellee's brief. In cases where an appellee fails to file a brief, we apply a less stringent standard of review but we will not develop arguments on his or her behalf. *Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 725 (Ind. Ct. App. 2009). If the appellant is able to establish prima facie error, or error at first sight, we may reverse the trial court. *Id.* However, an appellee's failure to submit a brief does not relieve us of

our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.*

[12] Further, the trial court entered findings of fact and conclusions thereon in its order denying Hochgesang's complaint for a prescriptive easement. Our review is therefore governed by Trial Rule 52(A). First, we consider whether the evidence supports the factual findings and then consider whether those findings support the trial court's judgment. *Bass v. Salyer*, 923 N.E.2d 961, 964 (Ind. Ct. App. 2010). We will not set aside the findings or judgment unless they are clearly erroneous. *Id.* Findings are clearly erroneous when there are no facts in the record to support them; a judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.* We give substantial deference to the court's findings of fact but not to its conclusions, which are reviewed de novo. *Id.*

## II. Prescriptive Easements

[13] As our caselaw has often stated, prescriptive easements are generally not favored in the law; for that reason, a party claiming a prescriptive easement must meet stringent requirements. *Wilfong v. Cessna Corp.*, 838 N.E.2d 403, 405 (Ind. 2005). A party seeking to establish the existence of a prescriptive easement must establish "proof of (1) control, (2) intent, (3) notice, and (4) duration." *Id.* at 406. Each element of a prescriptive easement must be proven by clear and convincing evidence and "must be established as a necessary, independent, ultimate fact," with the burden of proof on the party asserting the prescriptive easement. *Id.* at 405-06. If a party successfully demonstrates the

existence of a prescriptive easement, the rights vest by operation of law. *Downing v. Owens*, 809 N.E.2d 444, 452 (Ind. Ct. App. 2004), *trans. denied*.

[14] As noted above, the trial court concluded Hochgesang failed to demonstrate the existence of a prescriptive easement by clear and convincing evidence. Specifically, the trial court noted Hochgesang failed to prove the elements of intent, notice, and duration. A party's failure to demonstrate any one element is fatal to its claim. *Wilfong*, 838 N.E.2d at 405.

[15] To satisfy the element of intent, "the claimant must demonstrate intent to claim the right to use the [land] for a specific purpose." *Whitman v. Denzik*, 882 N.E.2d 260, 265 (Ind. Ct. App. 2008). With respect to notice, "the claimant's actions with respect to the land must be sufficient to give actual or constructive notice to the legal owner of the claimant's intent to use and control the tract." *Id.* As to the element of duration, the "right-of-way . . . from, in, upon, or over land owned by a person may not be acquired by another person by adverse use unless the use is uninterrupted for at least twenty (20) years." Ind. Code § 32-23-1-1.

[16] Finally, in reviewing a judgment requiring proof by clear and convincing evidence, we are guided by the principle that

> an appellate court may not impose its own view as to whether the evidence is clear and convincing but must determine, by considering only the probative evidence and reasonable inferences supporting the judgment and without weighing evidence or assessing witness credibility, whether a reasonable

> trier of fact could conclude that the judgment was established by
> clear and convincing evidence.

*Fraley v. Minger*, 829 N.E.2d 476, 483 (Ind. 2005) (citation omitted).

## III. Element of Intent

[17] Regarding the element of intent, the trial court concluded Hochgesang failed to establish his predecessors-in-title intended to claim the right to use the gravel road. In its findings of fact, the trial court noted Hochgesang failed to produce any specific evidence regarding the predecessors-in-title to his Property and whether their intent to use the roadway was established from the years 1992 to 1995. After reviewing the record, we agree with the trial court's findings that the evidence concerning both Hochgesang's and McLain's predecessors-in-title and their use of the roadway is sparse.

[18] Hochgesang claims he has established the existence of a prescriptive easement dating back thirty to seventy years, which is more than sufficient to meet the twenty-year requirement. However, as noted by the trial court in its order, there is sparse evidence, if any at all, concerning the years needed by Hochgesang to establish a prescriptive easement. Hochgesang alleges he used the gravel roadway without interference or permission from the time he purchased the Property in February of 1995 until McLain prohibited his use of the road in February of 2012, a period of seventeen years. Therefore, Hochgesang must tack the use of the gravel road by his predecessors-in-title to establish the easement. *See Wolfe v. Gregory*, 800 N.E.2d 237, 240 (Ind. Ct. App.

2003) (noting "tacking," or the continuous use of an easement by predecessors-in-title, may be added to the use of the present claimant to satisfy the twenty-year requirement). Further, we note prescriptive easements may be abandoned, *Celebration Worship Ctr., Inc. v. Tucker*, 35 N.E.3d 251, 258 (Ind. 2015), and we therefore find it irrelevant whether the roadway was used up to seventy years prior to Hochgesang's purchase. The relevant time period needed by Hochgesang to establish the existence of a prescriptive easement is 1992 to 2012.

[19] From what we can gather from the record, Hochgesang's predecessors-in-title from the relevant time period were Ronald McIntosh and James Buggs/T & S Auction Service. The prior owners of McLain's property were Ronnie McLain, Robert Ritter, and/or Steven Lynch.[4] None of these people or entities testified concerning the use of the gravel roadway or whether their permission was sought or given. *See Downing*, 809 N.E.2d at 455-56 (noting use is not adverse or hostile when permission is given). And although David Buchanan, Virgil Shelton, and Donald Tucker testified generally the road was in use by those seeking to access the Property, they offered few specific details concerning who

---

[4] To the extent our rendition of the ownership of the properties is incorrect, we note the appellant produced an inadequate record of who owned the properties during what time period, who used the roadway, and how often. In addition, we note Hochgesang challenges the trial court's finding number nineteen, which states,

> 19. [Hochgesang] did not present any evidence regarding the ownership of [McLain's] real estate for the period of 1991 through 2012.

Appellant's App., Vol. 2 at 10. We note this finding is clearly erroneous as we have recited the available evidence of the prior ownership of the real estate.

used the roadway or how often and it was within the trial court's sound discretion to weigh that evidence and determine whether it meets the heightened standard of clear and convincing proof. *Fraley*, 829 N.E.2d at 483. We further note Buchanan and Shelton both testified they were unaware whether any of the prior owners of McLain's property ever gave anyone permission to use the road. Given the witnesses' lack of personal knowledge about whether permission was ever granted and the lack of specific testimony concerning use of the roadway during the years of 1992 to 1995, we cannot say the trial court's judgment that Hochgesang failed to prove the element of intent by clear and convincing evidence is clearly erroneous.[5]

[20] In sum, Hochgesang simply did not present clear and convincing evidence establishing the existence of a prescriptive easement. It is not our prerogative to weigh evidence or judge the credibility of witnesses; that task remains within the trial court's sound discretion and the trial court determined the evidence presented by Hochgesang did not meet the heightened standard of clear and convincing proof. Based on the evidence presented and the "stringent requirements" necessary to establish a prescriptive easement, we cannot say the trial court's findings or judgment are clearly erroneous. *See Wilfong*, 838 N.E.2d at 405.

---

[5] Because Hochgesang has not demonstrated the element of intent for the requisite statutory period, he likewise has not met the element of duration. Further, in light of our conclusion regarding the element of intent, we need not address Hochgesang's argument regarding the element of notice.

# Conclusion

The trial court's judgment that Hochgesang failed to establish the existence of a prescriptive easement by clear and convincing evidence is not clearly erroneous. The judgment of the trial court is affirmed.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.