

# IN THE
# Court of Appeals of Indiana



FILED

Aug 13 2025, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Crowder Farms, LLC,

*Appellant-Defendant*

v.

Jeff L. Flick,

*Appellee-Plaintiff*

---

August 13, 2025

Court of Appeals Case No.
24A-PL-2176

Appeal from the Orange Circuit Court

The Honorable Steven L. Owen, Judge

Trial Court Cause No.
59C01-2309-PL-229

---

**Opinion by Judge May**
Judges Tavitas and DeBoer concur.

**May, Judge.**

[1] Crowder Farms, LLC ("Crowder Farms"), a corporation created and owned by four siblings (Bill Crowder, Jeff Crowder, Roger Crowder, and Susan Roberts), appeals the trial court's judgment denying its claim of a prescriptive easement over Jeff L. Flick's property. Crowder Farms presents two issues for our review, which we consolidate and restate as whether a party may claim a prescriptive easement over a private road when the party's use of the road was premised on a mistaken belief that it was a public road. We affirm.

## Facts and Procedural History

[2] The Flick Property and the Crowder Farms Property both sit on the western side of County Road 1175 West ("1175W") in Orange County, Indiana. The Crowder Farms Property surrounds the Flick Property on three sides. The fourth side of the Flick Property abuts 1175W. A gravel road ("the Road") runs from the Crowder Farms Property through the Flick Property to 1175W. The photograph below depicts the Crowder Farms Property and the Flick Property:



(Ex. Vol. 1 at 11.)

[3] The Crowder family has farmed and maintained the Crowder Farms Property for generations. Members of the Crowder family lived on the Crowder Farms Property until 1959 and continued to farm and maintain the Crowder Farms

Property after that time. For farming and maintaining the property, the Crowder family used the Road to access the homestead.

[4] Flick bought the Flick Property in 2008. In 2009, Flick hired Matthew Cooper, the Orange County Surveyor who also operated a private surveying business, to survey his property, and that survey listed the Road as a private drive. In 2010, Flick removed some of the gravel from the Road. Bill Crowder believed the Road was a public road and brought the issue to the Orange County Commissioners. Flick did not know of Bill Crowder's intention to involve the county commissioners and did not attend the public meeting where the commissioners discussed the issue. The commissioners ordered the county attorney to send a letter to Flick directing him to return the Road back to the condition it was in prior to when he started removing gravel from it. Flick complied and added gravel back to the Road.

[5] In 2019, Flick noticed increased activity on the Road and asked the Orange County Highway Department to investigate whether the Road was a county road. Carl Anderson, the Orange County Highway Superintendent, and Cooper consulted county maps dating back to 1907 and determined the Road was never a county road. Flick then told the Crowders to discontinue using the Road and posted a no trespassing sign. However, the Crowders continued using the road. In 2020, Susan Roberts and her husband constructed a pole barn on the Crowder Farms Property. The pole barn has living quarters inside it where Roberts and her husband live. They use the Road to access the pole barn.

[6] On September 8, 2023, Flick filed a lawsuit against Crowder Farms alleging that its use of the Road constituted trespass. The complaint also sought a temporary restraining order prohibiting Crowder Farms from using the Road. The trial court initially granted the temporary restraining order but rescinded the order after a hearing. Crowder Farms filed its answer to Flick's complaint on October 16, 2023, and it asserted as counterclaims that the Road was a public road and that it had a prescriptive easement to use the Road.

[7] The trial court held a bench trial on May 30, 2024. James Oakley, a licensed surveyor retained by Crowder Farms, testified he "could not find record of [the Road] ever being a public, county road." (Tr. Vol. 1 at 118.) He explained aerial photographs dating back to 1948 showed the Road, but the Road was not depicted on any of the official county maps. Bill Crowder testified his family had used the Road for as long as he could remember. He explained his family always believed the Road was a public road and stated, "I still believe it is a public road." (*Id*. at 145.) Bill Crowder testified there used to be a stop sign at the end of the Road and the county prohibited his family from putting a chain across the Road in the 1980s. Jeff Crowder and Susan Roberts also testified that they used the Road because they believed it was a public road.

[8] On July 12, 2024, the trial court issued an order with findings of fact and conclusions of law. The trial court found:

> The Defendant[1] and the Defendant's family have openly used and maintained said roadway in question for generations, certainly more than 20 years. However, the reason they used the road was that they believed the road to be a "county road"; that is, a public road owned by Orange County, Indiana. Because of this, the Defendant's [sic] believed that they had a right to use said road without the permission of anyone, in particular the Plaintiff. The reason that Defendant used the road was because they believed it was a public county road. They **NEVER** believed that this right was exclusive to them.

(App. Vol. 3 at 78) (emphasis in original, footnote added). The trial court concluded that the road was not a county road. With respect to the 2010 Orange County Commissioners' meeting and the letter the county attorney sent Flick, the trial court found:

> There is nothing from the Commissioners Meeting that designates or confirms that the road in question is indeed a county road. This appears to be dealing more with the unauthorized removal of gravel than of a county road determination. It seems that the Commissioners took the statement of Mr. Crowder that the road was a county road as fact and thereby acted accordingly. No evidence was submitted showing that the Orange County Commissioners designated this road as a county road.

(*Id*. at 79.)

---

[1] Crowder Farms is a limited liability corporation, and it is the defendant in this lawsuit. However, the trial court's order refers to Crowder Farms's owners as the "Defendant" and uses plural pronouns to refer to them. We recognize Crowder Farms is a separate entity from its owners but quote the trial court's order directly.

[9] In addition, the trial court ruled against Crowder Farms on its claim that it had a prescriptive easement. The trial court concluded that while Crowder Farms met the duration element necessary for a prescriptive easement claim, it failed to meet the element requiring adverse or hostile use. The trial court explained:

> The Defendant's use of the road stemmed not from a belief that they owned the road or that they alone had the right to use the road (easement), but rather it was a belief that there existed a public easement because the road was a county road. Thus, their use of the road was based upon their belief that they had permission that was granted to the public by the governmental entity of Orange County, Indiana. Permissive use cannot be hostile, adverse, or exclusive.

(*Id*. at 84) (errors in original). Crowder Farms filed a motion to correct error arguing it met the intent element of a prescriptive easement claim because the Crowders used the Road for the specific purpose of accessing the Crowder Farms Property and their use was not permissive. The trial court summarily denied the motion to correct error.

## Discussion and Decision

[10] Crowder Farms appeals following the denial of its motion to correct error, and "[w]e generally review a trial court's ruling on a motion to correct error for an abuse of discretion. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017) (internal citation omitted).

When the issue presented is a pure question of law, we apply a de novo standard of review. *Id.* "Determining whether the court abused its discretion when it denied the motion to correct error requires that we review the propriety of the trial court's underlying judgement." *R.M. v. Ind. Dep't of Child Servs.*, 203 N.E.3d 559, 563 (Ind. Ct. App. 2023).

[11] Crowder Farms challenges the trial court's judgment denying its prescriptive easement claim.[2] "When, as here, the trial court issues special findings of fact and conclusions of law *sua sponte* under Indiana Trial Rule 52(A), we apply a 'two-tiered standard of review—first determining whether the evidence supports the findings and, if so, whether the findings support the judgment.'" *McIntosh v. McIntosh*, 222 N.E.3d 998, 1003 (Ind. Ct. App. 2023) (quoting *Town of Linden v. Birge*, 204 N.E.3d 229, 233 (Ind. 2023)). "[T]he specific findings control only as to the issues they cover, and a general judgment standard applies to any issues upon which the court has not found." *Taylor v. St. Vincent Salem Hosp., Inc.*, 180 N.E.3d 278, 287 (Ind. Ct. App. 2021). We review the trial court's legal conclusions de novo. *Id.* We will set aside the trial court's judgment or findings of fact only if clearly erroneous. *Boucher v. Doyle*, 228 N.E.3d 520, 524 (Ind. Ct. App. 2024). "We do not reweigh the evidence but consider the

---

[2] Flick asserts Crowder Farms waived its prescriptive easement argument because Crowder Farms's primary argument at trial was that the Road was a county road. However, Crowder Farms's second counterclaim asserted it had a prescriptive easement, and in Crowder Farms's closing argument, it stated that "as far as prescriptive easement goes, even if the Judge finds that it's not a county road, which we believe it is, that our clients have a prescriptive easement because they have used [it] for sixty years[.]" (Tr. Vol. 1 at 181.) Because Crowder Farms's argument that it had a prescriptive easement was presented to the trial court, the argument is not waived.

evidence favorable to the judgment." *Carmer v. Carmer*, 45 N.E.3d 512, 516 (Ind. Ct. App. 2015). A finding of fact is clearly erroneous when the record contains no facts to support it, "and a judgment is clearly erroneous if no evidence supports the findings, the findings fail to support the judgment, or if the trial court applies an incorrect legal standard." *Id.*

[12] Crowder Farms argues the trial court relied on an incorrect legal standard to assess whether Crowder Farms and its predecessors in interest possessed the requisite intent to establish a prescriptive easement. An "easement" is "[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific purpose (such as to cross it for access to a public road)." *Easement*, Black's Law Dictionary (12th ed. 2024). A "prescriptive easement" is "[a]n easement created from an open, adverse, and continuous use over a statutory period." *Id.* That statutory period in Indiana is twenty years. Ind. Code § 32-23-1-1. "The law disfavors prescriptive easements. For this reason, the party claiming a prescriptive easement must meet stringent requirements." *Flick v. Reuter*, 5 N.E.3d 372, 381 (Ind. Ct. App. 2014) (internal citation omitted), *trans. denied*. Those requirements are similar to the requirements that must be proven by a party asserting a claim of adverse possession. *Id.* at 381-82.

[13] In *Fraley v. Minger*, our Indiana Supreme Court drew from the common law doctrine of adverse possession and laid out the necessary elements for a successful claim:

the doctrine of adverse possession entitles a person without title to obtain ownership to a parcel of land upon clear and convincing proof of control, intent, notice, and duration, as follows:

(1) Control—The claimant must exercise a degree of use and control over the parcel that is normal and customary considering the characteristics of the land (reflecting the former elements of "actual," and in some ways "exclusive," possession);

(2) Intent—The claimant must demonstrate intent to claim full ownership of the tract superior to the rights of all others, particularly the legal owner (reflecting the former elements of "claim or right," "exclusive," "hostile," and "adverse");

(3) Notice—The claimant's actions with respect to the land must be sufficient to give actual or constructive notice to the legal owner of the claimant's intent and exclusive control (reflecting the former "visible," "open," "notorious," and in some ways the "hostile," elements); and,

(4) Duration—the claimant must satisfy each of these elements continuously for the required period of time (reflecting the former "continuous" element).

829 N.E.2d 476, 486 (Ind. 2005).

[14] Later that year, the Indiana Supreme Court explained that the *Fraley* framework "applies as well for establishing prescriptive easements, save for those differences required by the differences between fee interests and easements." *Wilfong v. Cessna Corp.*, 838 N.E.2d 403, 406 (Ind. 2005). In that case, Wilfong purchased a landlocked parcel of property. *Id*. at 405. Wilfong's predecessors-

in-title used a private roadway that traversed over three other properties to access a public road. *Id*. Shortly after Wilfong purchased the parcel, Cessna – the owner of two of the properties the private roadway passed over – locked a gate across the roadway, preventing Wilfong from using it. *Id*. Wilfong sued Cessna alleging he had a prescriptive easement to use the roadway. *Id*. The trial court ruled against Wilfong. *Id*. We reversed the trial court, but the Indiana Supreme Court granted transfer and vacated our opinion. *Id*. The Court held Wilfong did not have a prescriptive easement because the evidence indicated Cessna had given implied permission to use the road to Wilfong's predecessor-in-title, such that Wilfong could not demonstrate adverse control for a sufficient duration to establish a prescriptive easement. *Id*. at 407-08. Likewise, in *Searcy v. LaGrotte*, we held Searcy did not have a prescriptive easement over a driveway on LaGrotte's property. 372 N.E.2d 755, 757 (Ind. Ct. App. 1978). We explained that the cordial relationship between Searcy's predecessor-in-interest and LaGrotte's predecessor-in-interest supported the inference that Searcy's predecessor-in-interest used the driveway permissively rather than adversely. *Id*.

[15] Crowder Farms relies on a comment in *Whitman v. Denzik*, where we indicated the person claiming a prescriptive easement "must demonstrate intent to claim the right to use the tract for a specific purpose," 882 N.E.2d 260, 265 (Ind. Ct. App. 2008), to argue that it satisfied the *Fraley* intent element. Crowder Farms contends it "used the tract for the specific purpose of ingress and egress to [the] Crowder Farms Property for the statutorily prescribed period." (Appellant's Br.

at 9.) However, we also recognized in *Whitman* that in addition to using the tract for a specific purpose, the claimant's use cannot be permissive. *See Whitman*, 882 N.E.2d at 267-69 (analyzing whether the evidence supported an inference that the defendants' use of a gravel road on the plaintiffs' property was implicitly permitted by the prior owner of plaintiffs' property such that the defendants did not have a prescriptive easement to use the road). We explained:

> To support a finding of permissive use, the servient owner must establish that he or she actually communicated, either explicitly or implicitly, to the adverse claimant that he or she was allowing the adverse claimant to use the disputed property at his or her sufferance. . . . Likewise, an adverse claimant must produce evidence that he or she actually communicated, either explicitly or implicitly, to the servient owner that he or she was using the disputed property under a claim of right; mere evidence of the adverse claimant's state of mind would be insufficient to carry this burden.

*Id*. at 269. "If the facts and circumstances of a case lead to the conclusion that the user was merely permissive, they are fatal to the prescription." *Brown v. Heidersbach*, 360 N.E.2d 614, 621 (Ind. Ct. App. 1977).

[16] Bill Crowder, Jeff Crowder, and Susan Roberts testified that they and their ancestors used the Road because they believed it was public road, and even though the Crowders have maintained the Road for generations, they did so because they thought they had an agreement with the county to maintain it. Therefore, the trial court concluded the Crowders' use of the Road was

permissive because it "was not adverse or hostile to any other individual or entity, but rather their use of the road was based upon their belief that they had permission that was granted to the public by the governmental entity of Orange County, Indiana." (App. Vol. 3 at 84.)

[17] Crowder Farms contends this conclusion was error because the Crowders' belief that the Road was a public road "is not relevant in determining whether use of the Road is permissive or adverse." (Appellant's Br. at 17.) Crowder Farms relies on our decision in *Bass v. Salyer*, 923 N.E.2d 961 (Ind. Ct. App. 2010), to argue that "[t]he inquiry into whether use is permissive 'is not subjective, but is determined by objective, observable conduct measured against the applicable legal standard.'" (Appellant's Br. at 17-18) (quoting *Bass*, 923 N.E.2d at 966).

[18] However, considered in its full context, *Bass* cuts against Crowder Farms' argument. *Bass* concerned a drive in the Yellow Creek Lake subdivision in Kosciusko County that accessed a lake. 923 N.E.2d at 963. The drive was originally dedicated as a public easement when it was built in 1951, but the county vacated the public easement in 1994. *Id*. The Salyers had used the drive to access the lake since 1969, and in 2008, they filed a quiet title action asserting that they had a prescriptive easement to use the drive to access the lake. *Id*. at 963-64. We held the Salyers did not have the requisite intent to claim a prescriptive easement. *Id*. at 969. We noted "[i]ntent reflects the former elements of 'claim of right,' 'exclusive,' 'hostile,' and 'adverse.'" *Id*. at 966 (quoting *Fraley*, 829 N.E.2d at 486). We explained "the Salyers' use of the

public easement was permissive . . . and did not become adverse until their right to use the easement expired when the Drive was vacated." *Id*. at 967. "In other words, because the Salyers' use of the Drive to access the lake was a use permitted under the public easement, they have not shown that their use was adverse to the [defendants'] underlying fee simple title." *Id*. at 968. We rejected "the Trojan Horse argument that while the Salyers were enjoying use of the public easement, their permissive use concealed an adverse claim to a prescriptive easement over the same area." *Id*. "[I]n the context of a prescriptive easement, the term 'exclusive use' means an independent claim of right, a use which does not depend upon use by others[.]" *Id*. at 969.

[19] This requirement is not unique to Indiana. In *Anderson v. Felten*, the Nevada Supreme Court explained that "[f]or a use to be adverse it must be exclusive, that is, held under a claim of title exclusive of any other right, as one's own." 612 P.2d 216, 218 (Nev. 1980). The Court further articulated that "[a]lthough one may acquire a prescriptive easement even though the easement is also used by the public, such private right must rest on the actual use by that individual and his predecessors and not on their use as members of the general public." *Id*. Likewise, in *Burnham v. Kwentus*, the Mississippi Court of Appeals stated:

> Exclusivity here means that the use was consistent with an exclusive claim to the right to use. Building on this definition of exclusive, the supreme court has concluded that the distinction to be made when using the term exclusive as it relates to a prescriptive easement does not mean to keep all others out, but to show a right to use the land above other members of the general public.

174 So.3d 286, 292 n.5 (Miss. Ct. App. 2015) (internal quotation marks, brackets, and citation omitted). *See also Oliver v. State ex rel. Com'r of Transp.*, 760 N.W.2d 912, 918 (Minn. Ct. App. 2009) ("Exclusivity, for purposes of obtaining a prescriptive easement, does not require a claimant to have excluded use by others. Instead, a use is exclusive when it does not depend on a similar right in others, and is exclusive against the community at large.") (internal citations and quotation marks omitted).

[20] When the Crowders used the Road under the belief that it was a public road, they were not asserting an exclusive, hostile, or adverse right. They believed their right to use the Road derived from permission Orange County had granted the public. Crowder Farms asserts its use of the Road was not permissive because of Flick's efforts in 2010 and beginning again in 2019 to stop Crowder Farms from using the Road. However, after Flick removed gravel from the Road in 2010, Bill Crowder went to the county commissioners and claimed Flick was removing gravel from a public road. The county commissioners "took the statement of Mr. Crowder that the road was a county road as fact" and directed Flick to restore gravel to the Road. (App. Vol. 3 at 79.) Thus, the Crowders' basis for opposing Flick's removal of the gravel in 2010 was not that it violated an individualized right to use the Road but that it ran afoul of a public right to use the Road. Likewise, Crowder Farms contested Flick's later attempts to prohibit its use of the Road on the basis that the Road was a public road. It argued at trial that the Road was a public road even though the Road was not listed as a county road on the official county maps dating back to 1907.

Because Crowder Farms's claimed right to use the Road was dependent on the belief that the public had a right to use the Road, Crowder Farms's use was permissive and its prescriptive easement claim fails. *See*, *e.g.*, *Shields v. Taylor*, 976 N.E.2d 1237, 1247 (Ind. Ct. App. 2012) (holding prescriptive easement claim failed when complaint indicated claimant's use of dirt road was permissive).

## Conclusion

[21] Crowder Farms failed to prove its intent to assert an exclusive right to use the Road, and therefore, it did not establish all the required elements of a prescriptive easement claim. Accordingly, we affirm the trial court.

[22] Affirmed.

Tavitas, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANT

Isaac Brown
Fritch Law Office
Jasper, Indiana

ATTORNEY FOR APPELLEE

Patrick J. Smith
Smith Law Office
Bedford, Indiana